Hon. Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | Case No. <u>3:11-cv-05577 RBL</u> |
| Plaintiff, | |
| v. | PARTIAL |
| BERRY GOOD FARMS and LEE NGUYEN, | **CONSENT JUDGMENT** AS TO INJUNCTIVE RELIEF ONLY |
| Defendants, | |

Plaintiff, Hilda Solis, Secretary of Labor, United States Department of Labor, has filed her Complaint, and Defendants Berry Good Farms and Lee Nguyen hereby acknowledges receipt of a copy of the Summons and Complaint herein, waive their Answer and waive any defense to the Complaint filed herein, waive further findings of fact and conclusions of law, and agree to the entry of this Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff, and for cause shown:

(1) ORDERED, ADJUDGED AND DECREED that Defendants Berry Good Farms and Lee Nguyen, their officers, agents, servants, and employees and all persons acting or claiming to act

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

on their behalf and interest be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(4) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 *et seq.*), hereinafter referred to as the Act, in the following manner:

(a) Defendants Berry Good Farms and Lee Nguyen shall not, contrary to Section 15(a)(4) of the Act: (1) ship or deliver for shipment in commerce goods produced in an establishment situated in the United States in or about which, within thirty days prior to the removal of such goods therefrom, oppressive child labor has been employed, and; (2) employ child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce, and;

(b) Defendants Berry Good Farms and Lee Nguyen shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve records as prescribed by the regulations duly promulgated under Section 11(c) (29 C.F.R. §516), showing employees' hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time earnings for each workweek, the total overtime excess compensation, the nature and amount of each deduction made each workweek, and other relevant identifying information pertaining to the employee, with respect to each of their employees.

(2) IT IS FURTHER ORDERED that the rights, if any of Defendants' employees or ex-employees are neither affected nor extinguished by the Judgment and neither party to this action intends or contemplates that the judgment entered in this action will affect such rights.

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

(3)     IT IS FURTHER ORDERED that a Court Registry be established in this matter. The funds which are deposited into the Court Registry shall be held in an interest-bearing account and shall be kept in the Court Registry until disbursal is ordered by the Court.

(4)     IT IS FURTHER ORDERED that Defendants deposit into the Court Registry, <u>no later than 10 days from the date of this order</u>, by money order made payable to "Clerk of the Court, U.S. District Court," the amount of $12,175.00, which is 50% of the Civil Money Penalties assessed by the U.S. Department of Labor. Defendants will have the opportunity to review, contest, and have adjudicated the assessment of Civil Money Penalties pursuant to 29 C.F.R. Part 579.

(5)     IT IS FURTHER ORDERED that each of Defendants' fore-persons shall attend training at the U.S. Department of Labor, Wage and Hour Division ("Wage and Hour Division"), Portland, Oregon office. "Defendants' fore-persons" shall be defined as each individual who supervises each of Defendants' employees who participate in any growing, harvest, or other production of Defendants' goods for any part of the period from May 15 to July 15 of each year. The training will be developed and administered by the Wage and Hour Division and will include but is not limited to the following:

(a)     The training shall be given at the beginning of the growing season, or, at the election of the Wage and Hour Division, not later than May 29 of each year;

(b)     The training will be part of the hours worked of each training attendee;

(c)     Travel to and from the training shall be part of the hours worked of each training attendee;

(d)     The training shall be no more than four hours in duration;

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

(e) The content of the training will be laws enforced by the Wage and Hour Division;

(f) The training will be held at the Portland, Oregon office of the U.S. Department of Labor, Wage and Hour Division, located at 620 SW Main Street, Room 423, Portland, Oregon 97205;

(g) The Wage and Hour Division will notify Defendants no less than ten business days prior to the date of the training, when the training will take place;

(h) Because only Defendants will know how many individuals meet the definition of a training attendee, in the event Defendants anticipate more than fifteen training attendees, Defendants shall notify the Portland, Oregon office of the Wage and Hour Division no later than ten business days prior to the date scheduled for the training, the number of attendees;

(i) The Wage and Hour Division will exclusively determine the content of the training;

(j) The training shall take place in the years 2012, 2013 and 2014;

(k) The Wage and Hour Division, Portland office, shall notify Defendants of the date of the training no later than May 1 in each year the training takes place;

(l) In the event either party seeks either clarification regarding the training or to change any aspect of the training, that party shall state its request in writing to the other party.

(6) IT IS FURTHER ORDERED that, no later than June 1, of each year from 2012 to 2017 inclusive, Defendants shall provide the Wage and Hour Division with a self-audit of its compliance with 29 U.S.C. §§206, 211, 212 and 215. The Wage and Hour Division shall provide the

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

**CONSENT JUDGMENT – PAGE 4 OF 6**
*SOLIS V. BERRY GOOD FARMS AND LEE NGUYEN*

format of this self-audit in writing to Defendant no later than January 15, 2012. Defendants shall use this same format in each of the five successive years beginning with 2012.

(7) IT IS FURTHER ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED this 12th day of August, 2011.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

JEANNIE GORMAN
Senior Trial Attorney

EVAN NORDBY
Trial Attorney

United States Department of Labor
Counsel for Plaintiff

/s Evan H. Nordby
United States Department of Labor

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

CONSENT JUDGMENT – PAGE 5 OF 6
*SOLIS V. BERRY GOOD FARMS AND LEE NGUYEN*

Counsel for Plaintiff

Dated: _____7/27/2011

Entry of this Judgment is hereby consented to:

_____
Berry Good Farms
Defendant

Dated: 7-7-11

_____
Lee Nguyen
Defendant

Dated: 7-7-11

/s Paul Connolly_____
Paul Connolly: Law Office of Paul Connolly
Counsel for Defendants

Dated: 7/26/2011

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768